IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARIQ S. HAMMETT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLIANCEONE RECEIVABLES MANAGEMENT, INC., | : | NO.  11-3172 |
| | : | |
| Defendant. | : | |

<u>MEMORANDUM</u>

BUCKWALTER, S. J.                                                                                                                    August 30  , 2011

Currently pending before the Court is Defendant AllianceOne Receivables Management, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Tariq S. Hammett's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Motion is granted.

**I.      FACTUAL AND PROCEDURAL HISTORY**

According to the facts set forth in the Complaint, Defendant sent Plaintiff a letter ("the Letter") dated October 29, 2010 which sought payment for a consumer debt in the amount of $200.98.  (Compl. ¶¶ 15-18.)  Plaintiff alleges that the Letter violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") by: (1) failing to identify the original creditor to whom the debt was owed; (2) requiring Plaintiff to either consent to the withdrawal of funds from his bank account or purchase a money order; (3) failing to provide space on the payment slip where Plaintiff could set forth the amounts he would allow Defendant to withdraw, as well as the dates upon which he was allowing Defendant to withdraw them; and (4) listing multiple addresses that misled Plaintiff as to Defendant's location and identity.  (<u>Id.</u> ¶¶ 19-30.)

Plaintiff alleges that these actions violated the FDCPA generally, and §§ 1692d, 1692e, 1692e(10), and 1692f specifically. (Id. ¶ 34.)

Defendant filed the present Motion to Dismiss on July 22, 2011. Plaintiff filed his Response in Opposition on August 4, 2011, and Defendant filed a Reply Brief on August 8, 2011. Finally, Plaintiff filed a Motion for Leave to File a Sur-Reply on August 22, 2011. Defendant's Motion is now ripe for the Court's consideration.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. CIV.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. CIV.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. Jul. 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. FED. R. CIV. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III.   DISCUSSION

The FDCPA was enacted "'to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors.'" FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007) (quoting Staub v. Harris, 626 F.2d 275, 276-77 (3d Cir. 1980) (internal quotations omitted)). Because "'the

FDCPA protects all consumers, the gullible as well as the shrewd,'" FDCPA claims "should be analyzed from the perspective of the least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 453-54 (3d Cir. 2006) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).  This standard helps protect "naive consumers," but "'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"  Id. at 454 (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000)).  Whether a communication "meets the 'least sophisticated debtor' standard is a question of law."  Jarzyna v. Home Props., L.P., 763 F. Supp. 2d 742, 748 (E.D. Pa. 2011) (citing Quadramed, 225 F.3d at 353 n.2).  With these guidelines in mind, the Court addresses the issues raised in Defendant's Motion to Dismiss.

### A. Whether the Inclusion of Multiple Business Addresses was Misleading Under the FDCPA

The Complaint alleges that Defendant listed three separate business addresses on the Letter with the intent "to mislead Plaintiff as to its location as well as to the identity of the entity with whom Plaintiff was corresponding." (Compl. ¶ 24.)  The Complaint does not specify which section of the FDCPA was violated by the inclusion of these addresses,[1] but Plaintiff's allegation that he was misled suggests that he is asserting a claim under § 1692e.  This section prohibits a debt collector from making "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

---

[1] While the Complaint alleges violations of §§ 1692d, 1692e, 1692e(10), and 1692f, it does not state with particularity which of the Letter's alleged defects violated which section of the FDCPA.

Defendant moves to dismiss this claim, arguing that the Letter "merely includes the addresses of its different office locations and clearly identifies the specific purpose for *each* address and what communications, if any, should be directed to these addresses." (Def.'s Br. Supp. Mot. Dismiss 7.) Plaintiff's opposition brief does not include a response to this argument.

The Court agrees with Defendant that there was nothing misleading about the inclusion of multiple addresses. The Letter clearly stated that one address was for correspondence, one was for payments, and one was for "Mail return address only; send no letters." (Compl., Ex. A.) Defendant's Motion to Dismiss Plaintiff's claim that the Letter violated the FDCPA by including multiple addresses is granted.

**B.  Whether the Letter Provided an Adequate Means to Pay the Debt**

The body of the Letter stated that "[b]y sending us a check or giving us your checking account information for payment, you authorize AllianceOne to collect funds electronically for the agreed dates and amounts, in which case your check may not be returned to you." (Compl., Ex. A.) The Complaint alleges that this provision "was unfair to Plaintiff, as in order to make payment, he either had to: (1) consent to allow Defendant to withdraw funds electronically from his bank account; [or] (2) send a money order, causing him to incur additional expenses." (Compl. ¶ 22.) In addition, Plaintiff was confused by the fact that the attached payment coupon did not include a place for him "to set forth the dates and/or amounts he was agreeing to allow Defendant to withdraw." (Id. ¶ 23.) Plaintiff does not identify in either his Complaint or his Response in Opposition which specific provision of the FDCPA has been violated here, but his allegation that the payment options were "unfair" suggests that he is asserting a claim under § 1692f. This section prohibits a debt collector from using "unfair or unconscionable means to

5

collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Defendant moves to dismiss these claims, arguing that the sentence pertaining to checking account information "merely explains the method of withdraw[al] AllianceOne intends to use." (Def.'s Br. Supp. Mot. Dismiss 9.) As for Plaintiff's claim that the payment coupon failed to provide a place to insert the agreed upon amount and date of withdrawal, Defendant contends that this information would have been located on Plaintiff's check, or provided to one of Defendant's representatives if he called to arrange an alternative payment plan. (Id. at 9-10.) In response, Plaintiff raises a new argument. He claims that the payment coupon did not provide a place to write his checking account number, and so he was confused as to how he could pay using that account. (Pl.'s Resp. Opp'n 11.)

With respect to Plaintiff's claim that the use of his checking account number for electronic withdrawal was unfair, the Court finds that Plaintiff has failed to provide a sufficient factual basis to support this allegation. He has not, for example, alleged that Defendant deceived him about any service charges or hidden fees associated with electronic withdrawal.[2] Furthermore, if Plaintiff was uncomfortable with allowing Defendant to deduct money from his bank account, he could have paid via money order.[3] The Court also rejects Plaintiff's argument that because the payment stub did not include a space for him to write his checking account number, Defendant failed to offer him a valid means to use this method of payment. The Letter

---

[2] See, e.g., 15 U.S.C. § 1692e(2) (prohibiting the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt").

[3] The Court is unpersuaded by the claim that, because the purchase of a money order would require Plaintiff to expend additional funds, this method of payment was unfair. Plaintiff has not cited any authority to support this argument.

stated "[w]e can also arrange for a direct debit from your checking account," and provided a toll-free telephone number to negotiate different payment methods. (Compl., Ex. A.) Therefore, even though the payment stub did not include a space for Plaintiff to write his checking account number, he could have arranged for a direct debit by calling Defendant.[4]

As for Plaintiff's other claim with regard to this provision – that the Letter was confusing because the payment coupon did not have a space where he could list the amount or the date of payment – the Court is similarly unpersuaded. First, the payment coupon actually does include a blank column – entitled "Amount Enclosed" – where Plaintiff could write the amount of his total payment. (Compl., Ex. A.) Second, it is not clear to the Court why the lack of a defined space for Plaintiff to write the date is unfair or confusing. If Plaintiff were to send a check, the date would be listed on the check itself. If Plaintiff sent a money order, the date would be irrelevant. In short, the Court finds that Defendant did not violate the FDCPA by requiring Plaintiff to consent to electronic withdrawals or by failing to provide a space on the payment coupon for Plaintiff to write the date. The Motion to Dismiss these claims is therefore granted.[5]

### C.    Whether Defendant Provided the Name of the Original Creditor

---

[4] The Court also notes that "the FDCPA does not require that a debt collection notice list every acceptable mode of payment, . . . nor does it require that a debt collector accept certain types of payment." Mebane v. GC Servs. Ltd. P'ship, 481 F. Supp. 2d 249, 252 (S.D.N.Y. 2007). Therefore, Defendant did not even have an obligation to offer direct debit as a form of payment.

[5] In his Response in Opposition, Plaintiff also argues "that Defendant's letter is deceptive and misleading because it does not include a recipient address in its body or a salutation." (Pl.'s Resp. Opp'n 12.) He was therefore confused as to whether the Letter was directed to him. (Id.) The Court rejects this argument for two reasons. First, this allegation was not contained in the Complaint. Second, the Letter clearly stated: "Name: TARIQ S. HAMMETT," and was mailed to Plaintiff's attorney. As such, Plaintiff had more than sufficient notice that he was the intended recipient of the Letter.

The Complaint alleges that Defendant violated the FDCPA by failing to conspicuously identify PNC Bank as the creditor to which the debt was owed. (Compl. ¶ 19.) Defendant contends that it had no obligation to provide the original creditor's name in its initial communication, and that the Letter complied with the FDCPA's disclosure requirements. (Def.'s Br. Supp. Mot. Dismiss 11.) Plaintiff responds that the Letter's sole reference to the original creditor was a line at the top of the page that read: "'Client: PNC Bank.'" (Pl.'s Resp. Opp'n 5 (quoting Compl., Ex. A).) According to Plaintiff, this identification was misleading because the words "client" and "creditor" are not interchangeable, and because Defendant failed to provide PNC Bank's full corporate name. (Id.) In support of this argument, Plaintiff cites to two cases for the proposition that "mere truncated or cryptic references to an alleged original creditor are deceptive because they do not allow the plaintiff to identify the nature of the debt." (Id. at 6 (citing Dewees v. Legal Servs., LLC, 506 F. Supp. 2d 128 (E.D.N.Y. 2007); Schneider v. TSYS Total Debt Mgmt., Inc., No. CIV.A.06-345, 2006 WL 1982499 (E.D. Wis. July 13, 2006)).) Defendant replies that when the Letter is read in its entirety – including the reference to Plaintiff's account number – even the least sophisticated debtor would understand that the creditor was PNC Bank. (Def.'s Reply Br. 1-3.)

While the language chosen by Defendant to identify the creditor could have been more precise, the Court finds that its does not rise to the level of being false, deceptive, or misleading under the FDCPA. In Dewees, the primary authority relied upon by Plaintiff, the defendant's letter identified the creditor in the following manner: "The debt identified was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office." 506 F. Supp. 2d at 132 (internal quotations omitted). The court found that this language failed "to

eliminate any factual question as to whether the least sophisticated consumer would understand (1) to whom CHASE sold the debt or (2) who owned the debt at the time the letter was sent." Id. Here, immediately following Defendant's identification of its client as PNC Bank, the Letter stated "[y]our account has been referred to our office for Collections." (Compl., Ex. A.) This language indicated that Defendant was acting as an agent for PNC Bank to collect a debt owed to PNC Bank. The inclusion of the account number and the amount of outstanding principal provided Plaintiff with additional information concerning the creditor's identity. There was no reference to a sale or an assignment, and so the potential for confusion as to who owned the debt – which troubled the court in Dewees – is not a factor in this case.

In Schneider, the other case relied upon by Plaintiff, the defendant simply identified the creditor as "TARGET." 2006 WL 1982499, at *1. The court held that "without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the defendant] sufficiently identified the creditor to whom [the plaintiff's] debt is owed." Id. at *3. Plaintiff argues that PNC Bank has many business affiliates, such as "PNC Bank, National Association" and "PNC Insurance Services, LLC," and so, like the plaintiff in Schneider, he was unable to determine which entity held his debt. (Pl.'s Resp. Opp'n 9.) Defendant replies that "PNC Bank's affiliates and departments operate under the umbrella name 'PNC Bank,'" and that the name "PNC Bank is on the front of all PNC credit cards despite the fact that the different types of credit cards may be a registered service mark of one of the various entities of PNC (i.e. a business credit card versus a personal credit card)." (Def.'s Reply Br. 2-3.) The Court agrees with Defendant that this case is distinct from Schneider. In that case,

9

the court was unable to determine the identity of the creditor because the name "Target" could have referred to any number of entities. Here, by contrast, the identity of the company is clear. There is only one PNC Bank, and the Court is unpersuaded by Plaintiff's argument that the Letter was misleading because it did not specify whether a subsidiary of that company held his debt.

Finally, even if Plaintiff was confused about the identity of the creditor, the Court notes that there is a fundamental flaw in Plaintiff's pleading of this issue. A debt collector's duty to disclose the name of the creditor is governed by § 1692g(a). That provision states as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> . . .
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a). This section is not referenced at all in the Complaint. Rather, Plaintiff contends that Defendant's failure to conspicuously identify the original creditor violates § 1692e and §1692e(10). (Pl.'s Resp. Opp'n 5, 10.) Section 1692e – including subparagraph 10 – does not impose any obligation to disclose the creditor's name.[6] Defendant's Motion to Dismiss Plaintiff's claim that the Letter failed to adequately identify the creditor is therefore granted.

### D.     Whether Plaintiff has Stated a Claim Under § 1692d

The FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection

---

[6] The portions of the Dewees and Schneider opinions cited by Plaintiff analyze the requirements of § 1692g, not § 1692e. See Dewees, 506 F. Supp. 2d at 130-33; Schneider, 2006 WL 1982499 at *1-3.

of a debt." 15 U.S.C. § 1692d.[7] Defendant moves to dismiss Plaintiff's claim under § 1692d, arguing that the Complaint fails to allege any conduct that could be considered harassing, threatening, or abusive. (Def.'s Br. Supp. Mot. Dismiss 12-13.) Plaintiff responds that because the Letter did not specifically state to whom it was addressed, did not adequately identify the creditor, and did not provide a valid means of acceptance, Defendant acted with the intent to harass him. (Pl.'s Resp. Opp'n 13-14.) The Court disagrees. Even if the Letter was confusing – indeed, even if it violated other portions of the FDCPA – Plaintiff has failed to allege any of the conduct that §1692d was enacted to address. See Donatelli v. Warmbrodt, No. CIV.A.08-1111, 2011 WL 2580442, at *9 (W.D. Pa. June 28, 2011) (noting that § 1692d "is violated by the use or threat of use of 'tactics intended to embarrass, upset, or frighten a debtor'") (quoting Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330 (6th Cir. 2006)). The Letter does not threaten

---

[7] Section 1692d further specifies that

. . . [w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
(4) The advertisement for sale of any debt to coerce payment of the debt.
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

Plaintiff, contain any offensive language, or attempt to coerce the payment of the debt in any way.  Defendant's Motion to Dismiss Plaintiff's claim under § 1692d is therefore granted.

  **E.  Whether Plaintiff has Stated a Claim Under § 1692f**

As noted above, § 1692f states that a debt collector may not use any unfair or unconscionable means to collect a debt.  15 U.S.C. § 1692f.  Defendant moves to dismiss Plaintiff's claim under § 1692f, arguing that it is duplicative of his claims under § 1692d and § 1692e.  (Def.'s Br. Supp. Mot. Dismiss 13-15.)  Plaintiff responds by making two allegations not contained in the Complaint.  First, the Letter opened with the following statement: "Your account has been referred to our office for Collections.  If this has been an oversight on your behalf, mail the balance in full to our office." (Compl., Ex. A.)  Plaintiff argues that this language is unfair and unconscionable because Defendant failed to define what the word "this" referred to.  (Pl.'s Resp. Opp'n 15.)  The Court rejects this argument, as it would have been clear even to the least sophisticated debtor that the phrase, "[i]f this has been an oversight on your behalf," referred to the debtor's alleged failure to pay an outstanding debt.  Next, Plaintiff contends that the Letter violated § 1692f because it instructed him to send post-dated checks.  (Id.)  The Letter, however, makes no reference at all to post-dated checks, and so the Court rejects this argument as well.  In short, Plaintiff has failed to allege any facts that could plausibly give rise to a cause of action under § 1692f, and Defendant's Motion to Dismiss this claim is granted.

  **F.  Defendant's Request for Attorney's Fees and Costs**

At the conclusion of its Reply Brief, Defendant contends that the arguments in Plaintiff's Response in Opposition were made in bad faith, and therefore requests attorney's fees and costs

pursuant to 15 U.S.C. § 1692k(a)(3).[8]  (Def.'s Reply Br. 7.)  While the Court has concluded that Plaintiff failed to state a claim under the FDCPA, it does not find that this lawsuit was filed in bad faith and with the intent to harass.  Therefore, Defendant's request for attorney's fees and costs is denied.

## IV.    CONCLUSION

For all the foregoing reasons, the Court finds that Defendant did not violate the FDCPA by listing multiple addresses on its debt collection letter, by requiring the electronic deduction of funds for payments made with a check or checking account information, or by failing to provide a space on the payment coupon where Plaintiff could write the date.  The Court further finds that Defendant adequately identified PNC Bank as the creditor to which the debt was owed.  Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint is granted in its entirety.

An appropriate Order follows.

---

[8]  15 U.S.C. § 1692k(a)(3) states in relevant part: "On a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."